IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS WILLIAM ANDERSON,

    Plaintiff,

        v.

TAGGART GLOBAL, LLC,

    Defendant.

11cv0656
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Before the Court is Defendant's, Taggart Global, LLC's, Motion to Dismiss Plaintiff's, Thomas William Anderson's, Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Doc. no. 11. Plaintiff sued Defendant for violations of the Age Discrimination in Employment Act (ADEA), 29 USC §623, *et seq.*, and the Pennsylvania Human Relations Act (PHRC), 43 P.S. §951, *et seq.* See doc. no. 1. Plaintiff's Complaint essentially alleges that he had been employed by Defendant and Defendant's predecessors since 1995 and was fired on December 3, 2010 because he was 61 years old. Id. at ¶¶ 4, 7-8 and 17.

Defendant has filed the instant Motion to Dismiss primarily arguing that a reduction in its workforce caused Plaintiff to be discharged from employment, not his age. See doc. no. 12 at pp. 3-4 and doc. no. 17 at p. 2. Plaintiff contends that his Complaint adequately pleads all necessary factual averments necessary to assert a cause of action under the ADEA and PHRC. See doc. no. 14, pp. 3-4.

For the foregoing reasons, the Court concurs with Plaintiff, and Defendant's Motion will therefore be denied.

## I. Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a Motion to Dismiss, a party must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly* 550 U.S. at 570). A claim has facial plausibility when a party pleads facts that allow the Court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Id*. at 1949. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly* 550 U.S. at 555). In deciding a Motion to Dismiss, the Court must determine whether the Complaint or Answer "pleads factual content that allows the court to draw the reasonable inference that the defendant (or plaintiff) is liable for the misconduct alleged." *Pennsyl. Prison Soc. V. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

As recently discussed by the United States Court of Appeals for the Third Circuit, a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Third, "whe[n] there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

When determining whether a party has presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantial that claim. For example, in *Fowler*, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," the "how, when, and where" provided by the plaintiff was sufficient to establish plausibility. *Id*. at 211-12.

The facts alleged in the Complaint or Answer, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. The Court may not dismiss a Complaint or Counterclaim merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Id*. at 556, 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. Generally speaking, a Complaint or counterclaim that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Id.* at 563 n.8.

Based upon this standard, this Court has reviewed Defendant's Motion to Dismiss Plaintiff's Complaint.

## II. Factual Background

Plaintiff's Complaint alleges that he was 61 years old and had worked for Defendant, his employer, for fifteen years when he was terminated in December of 2010. Doc. no. 1, ¶¶ 4, 7. Plaintiff further alleges that for the majority of his tenure with Defendant and its predecessor corporations, he was employed as a Construction Manager and Project Manager requiring him to travel to Canada and Brazil. Id. at ¶ 11. In 2008, close in time to when Defendant took control of the company for whom Plaintiff worked, Plaintiff was transferred to the position of Quality Control Manager and assigned to a facility in West Virginia. Id. at ¶¶ 12-13.

In December of 2010, Plaintiff alleges he was "abruptly terminated" from his position without the employer providing him with a reason for his termination. Id. at ¶ 14. In addition, Plaintiff asserts that other male employees half his age and with much less experience were retained and filled all positions previously occupied by Plaintiff. Id. Plaintiff claims that his termination and retention of younger males is evidence of the age discrimination inflicted upon him by Defendant. Id.

## III. Discussion

Defendant filed a Motion to Dismiss this action predicated upon F.R.Civ.P. 12(b)(6). In support of its Motion, Defendant primarily argues that it underwent two reductions in its workforce. Doc no. 17 at p. 2. Defendant explains that Plaintiff "survived" the first reduction but not the second. Id. To support this argument, Defendant attached an affidavit from Defendant's Human Resource Director indicating that Plaintiff's Quality Control Manager position was eliminated during the second reduction. Id. Defendant also cited case law pertinent

4

to ascertaining whether discrimination has occurred in reduction in workforce situations. Finally, Defendant argues that in light of its presentation of the reduction in workforce information, Plainitff's Complaint fails to meet the plausibility requirement established by *Iqbal* and *Twombly*.

While the Court appreciates the Defendant's position, the reduction in workforce issue is not ripe at the present stage of these proceedings. The Plaintiff's Complaint clearly raises a prima facie case for age discrimination as pled. "A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In short, this Court finds that granting a dismissal based on evidence outside the Complaint, and presented by Defendant is not appropriate. The discovery phase must proceed to allow the parties to explore the possible reasons for Plaintiff's termination of employment; and, during the discovery phase, Defendant will be free to adduce evidence and develop its defense theory that a reduction in workforce caused the Plaintiff to lose his job.

## IV. Conclusion

For these reasons, Defendant's Motion to Dismiss will be denied. An appropriate Order follows.

                                                     s/ Arthur J. Schwab
                                                    United States District Judge

cc:     All Registered ECF Counsel and Parties